IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

KENNETH ARNEZ DAVIS,           §
                               §
              Plaintiff,       §
                               §
V.                             §          No. 3:21-cv-1605-E-BN
                               §
FNU LNU,                       §
                               §
              Defendant.       §

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Kenneth Arnez Davis initiated a miscellaneous case in this Court (3:21-mc-133-E) by filing a Petition Miscelleneous [sic] Filing [Dkt. No. 1] (the Complaint). The Court transferred the Complaint to this civil action and closed Davis's miscellaneous case. And United States District Judge Ada Brown referred the civil action to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

After reviewing the Complaint, the undersigned questions whether there is subject matter jurisdiction and, given the circumstances of this case, enters these findings of fact, conclusions of law, and recommendation that the Court should dismiss this action for lack of subject matter jurisdiction.

These findings and conclusions provide Davis notice as to the jurisdictional deficiencies. And the ability to file objections to the undersigned's recommendation that this case be dismissed for lack of jurisdiction (further explained below) affords him an opportunity to establish to the Court that its does indeed have subject matter

jurisdiction.

"'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *see also Bowles v. Russell*, 551 U.S. 205, 212 (2007) ("Within constitutional bounds, Congress decides what cases the federal courts have jurisdiction to consider."); *Stockman v. Fed. Election Comm'n*, 138 F.3d 144, 151 (5th Cir. 1998) ("Federal courts are courts of limited jurisdiction, and absent jurisdiction conferred by statute, lack the power to adjudicate claims.").

They must therefore "presume that a suit lies outside this limited jurisdiction, and the burden of establishing federal jurisdiction rests on the party seeking the federal forum." *Howery v. Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir. 2001). Correspondingly, all federal courts have an independent duty to examine their own subject matter jurisdiction. *See Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583-84 (1999) ("Subject-matter limitations ... keep the federal courts within the bounds the Constitution and Congress have prescribed. Accordingly, subject-matter delineations must be policed by the courts on their own initiative even at the highest level." (citations omitted)).

Davis chose to file his lawsuit in federal court, so it is his burden to establish federal jurisdiction. *See Butler v. Dallas Area Rapid Transit*, 762 F. App'x 193, 194 (5th Cir. 2019) (per curiam) ("[A]ssertions [that] are conclusory [ ] are insufficient to support [an] attempt to establish subject-matter jurisdiction." (citing *Evans v. Dillard*

*Univ.*, 672 F. App'x 505, 505-06 (5th Cir. 2017) (per cuiam); *Jeanmarie v. United States*, 242 F.3d 600, 602 (5th Cir. 2001))). And, if he does not, this lawsuit must be dismissed. *See* FED. R. CIV. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

Because federal jurisdiction is not assumed, "the basis upon which jurisdiction depends must be alleged affirmatively and distinctly and cannot be established argumentatively or by mere inference." *Getty Oil Corp. v. Ins. Co. of N.A.*, 841 F.2d 1254, 1259 (5th Cir. 1988) (citing *Ill. Cent. Gulf R. Co. v. Pargas, Inc.*, 706 F.2d 633, 636 & n.2 (5th Cir. 1983)); *see also MidCap Media Fin., L.L.C. v. Pathway Data, Inc.*, 929 F.3d 310, 313 (5th Cir. 2019) ("Because federal courts have limited jurisdiction, parties must make 'clear, distinct, and precise affirmative jurisdictional allegations' in their pleadings." (quoting *Getty Oil*, 841 F.2d at 1259)).

Under their limited jurisdiction, federal courts generally may only hear a case if it involves a question of federal law or where diversity of citizenship exists between the parties. *See* 28 U.S.C. §§ 1331, 1332.

In diversity cases, each plaintiff's citizenship must be diverse from each defendant's citizenship, and the amount in controversy must exceed $75,000. *See* 28 U.S.C. § 1332(a), (b). "For diversity purposes, state citizenship is synonymous with domicile. A change in domicile requires: '(1) physical presence at the new location and (2) an intention to remain there indefinitely.'" *Dos Santos v. Belmere Ltd. P'ship*, 516 F. App'x 401, 403 (5th Cir. 2013) (per curiam) (citations omitted); *see also Preston v. Tenet Healthsystem Mem'l Med. Ctr.*, 485 F.3d 793, 797-98 (5th Cir. 2007) ("In

determining diversity jurisdiction, the state where someone establishes his domicile serves a dual function as his state of citizenship.... Domicile requires the demonstration of two factors: residence and the intention to remain." (citing *Stine v. Moore*, 213 F.2d 446, 448 (5th Cir. 1954))).

"The basis for diversity jurisdiction must be 'distinctly and affirmatively alleged.'" *Dos Santos*, 516 F. App'x at 403 (quoting *Mullins v. TestAmerica, Inc.*, 564 F.3d 386, 397 (5th Cir. 2009)). Accordingly, the United States Court of Appeals for the Fifth Circuit "has stated that a 'failure to adequately allege the basis for diversity jurisdiction mandates dismissal.'" *Id.* (quoting *Stafford v. Mobil Oil Corp.*, 945 F.2d 803, 805 (5th Cir. 1991)).

Davis has not affirmatively and distinctly alleged diversity jurisdiction, as he has failed to allege the citizenship (or citizenships) of all parties. More specifically, Davis has failed to name a defendant.

Turning to Section 1331, federal question jurisdiction "exists when 'a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Borden v. Allstate Ins. Co.*, 589 F.3d 168, 172 (5th Cir. 2009) (quoting *Franchise Tax Bd. v. Constr. Laborers Vacation Tr.*, 463 U.S. 1, 27-28 (1983)); *see also In re Hot-Hed Inc.*, 477 F.3d 320, 323 (5th Cir. 2007) ("A federal question exists 'if there appears on the face of the complaint some substantial, disputed question of federal law.'" (quoting *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 366 (5th Cir. 1995))). "[T]his 'creation' test … accounts for the vast

bulk of suits under federal law." *Gunn*, 568 U.S. at 257 (citation omitted).

But "[s]ome claims are 'so insubstantial, implausible, ... or otherwise completely devoid of merit as not to involve a federal controversy.'" *Atakapa Indian de Creole Nation v. Louisiana*, 943 F.3d 1004, 1007 (5th Cir. 2019) (quoting *Oneida Indian Nation of N.Y. v. Oneida Cnty.*, 414 U.S. 661, 666 (1974)).

And "a complaint that alleges the existence of a frivolous or insubstantial federal question is not sufficient to establish jurisdiction in a federal court." *Raymon v. Alvord Indep. Sch. Dist.*, 639 F.2d 257, 257 (5th Cir. Unit A Mar. 1981) (citing *Olivares v. Martin*, 555 F.2d 1192, 1195 (5th Cir. 1977); *Hagans v. Levine*, 415 U.S. 528, 538-39 (1974)); *see also Southpark Square Ltd. v. City of Jackson, Miss.*, 565 F.2d 338, 342 (5th Cir. 1977) (a claim "must be more than frivolous to support federal question jurisdiction").

So, a complaint that, on its face, lacks a "substantial, disputed question of federal law," *Hot-Hed*, 477 F.3d at 323, is subject to "[d]ismissal for lack of subject-matter jurisdiction because of the inadequacy of the federal claim" if the federal claim asserted is "'so insubstantial, implausible, foreclosed by prior decisions of this Court, or otherwise completely devoid of merit as not to involve a federal controversy,'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (quoting *Oneida*, 414 U.S. at 666); *cf. Atakapa*, 943 F.3d at 1007 ("Federal courts lack power to entertain [ ] 'wholly insubstantial and frivolous' claims." (quoting *Southpark Square*, 565 F.2d at 343-44)).

"Determining whether a claim is 'wholly insubstantial and frivolous' requires asking whether it is 'obviously without merit' or whether the claim's 'unsoundness so

clearly results from the previous decisions of (the Supreme Court) as to foreclose the subject.'" *Atakapa*, 943 F.3d at 1007 (quoting *Southpark Square*, 565 F.2d at 342). And, even if a

> claim is not foreclosed by prior authoritative decisions, it must be more than frivolous to support federal question jurisdiction. In determining substantiality, we must ask "whether there is any legal substance to the position the plaintiff is presenting." The test here "is a rigorous one and if there is any foundation of plausibility to the claim federal jurisdiction exists."

*Southpark Square*, 565 F.2d at 342-43 (citations omitted); *see also id.* at 343 n.7 ("Although a federal question substantial enough to confer jurisdiction but not substantial enough to state a cause of action is difficult to conceive, the doctrine is well established." (citing *Wheeldin v. Wheeler*, 373 U.S. 647 (1963))).

As to any plausible violations of federal law that are neither frivolous nor insubstantial and thus afford federal question jurisdiction, Davis attaches to the Complaint (1) a document identifying himself as a Secured Party Creditor, offering opportunities for a party to cure; (2) a document titled Notice of Subrogation and Substitution Ex Aequo Et Bono, listing the State of Texas and two federal agencies as respondents, and identifying "Davis, Kenneth amez, private citizen of the Ouachita Yamassee/American national, heir" as claimant; and (3) further documents that purport to establish a trust listing Davis as the settlor and "Chief AmKhnem RaKa El," "Kenneth Arnez: Royal House of Davis," and "Mxi Ka El Bey" as trustees. Dkt. No. 3 at 2-32.

Any claims based on these documents (the only "facts" alleged in the Complaint) seem to "derive from the so-called 'sovereign citizen movement' and are

legally frivolous." *Westfall v. Davis*, No. 7:18-cv-23-O-BP, 2018 WL 2422058, at *2 (N.D. Tex. May 4, 2018), *rec. accepted*, 2018 WL 2414794 (N.D. Tex. May 29, 2018); *see id.* (noting that "[s]overeign-citizen legal arguments … are indisputably meritless. So-called sovereign citizens argue that, though they are born and reside in the United States, they are their own sovereigns and are not United States citizens. They claim as grounds for this belief the Uniform Commercial Code, maritime and admiralty law, the idea of strawman trusts, and Bible verses. Sovereign citizens often attempt to use these beliefs to 'avoid paying taxes, extinguish debts, and derail criminal proceedings.' However, these citizens cannot claim to be sovereigns independent of governmental authority while they simultaneously ask the judicial system to grant them recourse." (citations omitted)).

The court in *Westfall* observed that "[c]ourts routinely dismiss sovereign citizen claims." *Id.* But, even under the "rigorous" test requiring that a court search for "any foundation of plausibility" for a claim intended to support federal jurisdiction, Davis's sovereign-citizen inspired claims have no "legal substance" and therefore qualify as so insubstantial as to not afford a basis for jurisdiction under Section 1331. *Southpark Square*, 565 F.2d at 342-43.

Other courts have reached the same conclusion as to similar claims. *See, e.g., Linge v. State of Georgia, Inc.*, 596 F. App'x 895, 896 (11th Cir. 2014) (per curiam) ("[T]o the extent that he more broadly argues that he is a sovereign citizen and is not subject to the jurisdiction of Georgia state courts or Georgia laws, both we and the district court lack jurisdiction to consider his claim because it is 'wholly insubstantial

and frivolous.' *See Blue Cross & Blue Shield of Ala. v. Sanders*, 138 F.3d 1347, 1352 (11th Cir. 1998) (stating a federal court may dismiss a federal claim for lack of subject matter jurisdiction if the claim is 'wholly insubstantial and frivolous').").

### Recommendation

The Court should dismiss this case for lack of subject matter jurisdiction.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: July 13, 2021

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE